**UNITED STATES COURT OF APPEALS**
**Filed 8/5/96**
**TENTH CIRCUIT**

_____

FLOYD MARCUS ROBINSON,

    Petitioner-Appellant,

v.

JOE WILLIAMS, Warden, Western
NM Correctional Facility; TOM
UDALL, Attorney General, State of
New Mexico,

    Respondents-Appellees.

No. 95-2265
(D.C. No. CIV-95-31)
(D. New Mexico)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **EBEL** and **HENRY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Floyd Marcus Robinson, a New Mexico state prisoner proceeding *pro se* and *in forma pauperis*, appeals the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated, we grant Mr. Robinson's application for a certificate of appealability and affirm the judgment of the district court.

A New Mexico jury found Mr. Robinson guilty of trafficking cocaine in violation of 1978 N.M.S.A. § 30-31-20. In his federal petition, Mr. Robinson alleged inadequate assistance from appellate counsel in violation of the Fourteenth Amendment. Respondents moved to dismiss on the ground the claim was procedurally barred. A magistrate judge concluded the claim was indeed procedurally barred and that the petition should be dismissed. The magistrate judge noted Mr. Robinson had appealed his conviction to the New Mexico Court of Appeals, but did not seek certiorari review of that court's affirmance. Mr. Robinson also filed a petition for a writ of habeas corpus in the New Mexico District Court for the Ninth Judicial district, but he did not seek certiorari review

of the denial of his petition.  The magistrate judge also found Mr. Robinson had failed to demonstrate cause and prejudice excusing his failure to seek certiorari review of the denial of his state habeas corpus petition.  The district court overruled Mr. Robinson's objections to the magistrate judge's report and recommendation and dismissed Mr. Robinson's petition with prejudice.  The district court also denied Mr. Robinson's application for a certificate of appealability.

Mr. Robinson now contends the magistrate judge and the district court erred in concluding his claim he received inadequate assistance from appellate counsel is procedurally barred from review on the merits in federal court.  We disagree.  Once the New Mexico Court of Appeals denied Mr. Robinson's habeas corpus petition, he had 30 days to file a petition for certiorari review by the New Mexico Supreme Court.  S.C.R.A. 12-501(B); N.M. R. Crim. P. 5-802(G)(2).  The 30 day period expired long ago.  If, as in this case, the state court to which the petitioner would be required to present his claim would now find the claim procedurally barred under state law, "there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims."  *Coleman v. Thompson*, 501 U.S. 722,

735 n.1 (1991).[1]

We also reject Mr. Robinson's contention the district court should have dismissed his petition without prejudice so that he could exhaust his state remedies by filing a successive habeas corpus petition in New Mexico District Court and then petitioning for certiorari review in the New Mexico Supreme Court if his state habeas corpus petition was denied. Under New Mexico law, a prisoner generally may not relitigate issues raised in previous habeas corpus petitions. Although the New Mexico Supreme Court has recognized certain exceptions to this general rule, *see Clark v. Tansy*, 882 P.2d 527, 531-32 (N.M. 1994) (petitioner may relitigate claims in light of intervening change in law or facts), those exceptions do not apply in this case. We also reject Mr. Robinson's contention the bar against relitigating issues decided in previous habeas corpus proceedings is not an "adequate" state procedural bar because it has not been applied evenhandedly. *See Brecheen v. Reynolds*, 41 F.3d 1343, 1353 (10th Cir.

---

[1] After he filed his federal petition, Mr. Robinson moved for leave to file an untimely petition for certiorari in the New Mexico Supreme Court, and the petition was denied. It is unclear from the record whether he sought certiorari review of the New Mexico Court of Appeals' affirmance on direct appeal, the denial of his state habeas corpus petition, or both. In any event, it is clear Mr. Robinson is now barred from obtaining review of the denial of his habeas corpus petition in the New Mexico Supreme Court, and his claim is therefore procedurally barred under *Coleman*.

1994), *cert. denied*, 115 S. Ct. 2564 (1995). The mere fact there are recognized exceptions to a general rule does not mean that rule is not applied evenhandedly.

Mr. Robinson does not assert in his brief on appeal that he has demonstrated cause and prejudice sufficient to excuse his failure to petition the New Mexico Supreme Court for certiorari review of the Court of Appeals' denial of his petition for a writ of habeas corpus, and this court perceives no basis for such an argument. We perceive no error in the report of the magistrate judge, a copy being attached.

**AFFIRMED.**

Entered for the Court:

**WADE BRORBY**
United States Circuit Judge